UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21892-CIV-ALTMAN

JERRY N. ALFRED,

    *Petitioner,*

v.

RICKY D. DIXON,

    *Respondent.*

_____/

## ORDER

Our Petitioner, Jerry N. Alfred, has brought a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging the constitutionality of his state-court conviction. *See* Petition [ECF No. 1] at 1 (attacking his Florida conviction in Case No. F98-35550). Alfred contends that the "State knowing[ly] use[d] false evidence" during his criminal trial. *Id.* at 3. But this Petition is, by our count, the *eighth* § 2254 petition Alfred has launched at this same state-court conviction. And, as far as we can tell, the Eleventh Circuit hasn't given Alfred permission to file a successive habeas petition. We therefore **DISMISS** the Petition for lack of subject-matter jurisdiction and warn Alfred that sanctions may be forthcoming if he continues to file meritless and unauthorized § 2254 petitions.

### THE LAW

A prisoner "in custody pursuant to the judgment of a state court" may file a petition for writ of habeas corpus under 28 U.S.C. § 2254 in a federal district court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As a general rule, however, habeas petitioners are prohibited from filing second or successive § 2254 petitions. *See* 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment

of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus[.]"). A habeas petitioner can only circumvent this bar if he makes "a prima facie showing" that (1) the claim he is raising is "new, meaning that it cannot have been presented in an earlier petition," or (2) the new claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" or "the factual predicate underlying the claim . . . would be sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder would have found the applicant guilty of the underlying offense." *In re Dailey*, 949 F.3d 553, 556–57 (11th Cir. 2020) (quoting 28 U.S.C. § 2244(b)(2)).

But a successive habeas petition cannot be filed in the district court as a matter of course. "Before a prisoner may file a second or successive habeas petition [in the district court], [he] first must obtain an order from the court of appeals authorizing the district court to consider the petition [pursuant to] 28 U.S.C. § 2244(b)(3)(A)." *Thomas v. Sec'y, Fla. Dep't of Corr.*, 737 F. App'x 984, 985 (11th Cir. 2018). "Absent such an order, the district court lacks jurisdiction to consider a second or successive habeas petition." *Ibid.*; *see also Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014) ("[A] district judge lacks jurisdiction to decide a second or successive petition filed without our authorization.").

## ANALYSIS

We'll let the Eleventh Circuit—affirming the dismissal of Alfred's *sixth* collateral attack on this conviction—summarize the relevant factual and procedural history of Alfred's case:

> In 2001, Alfred was convicted of second-degree murder and was sentenced to life imprisonment. Alfred's conviction and sentence were affirmed on direct appeal. [*See Alfred v. State*, 935 So. 2d 72, 73 (Fla. 3d DCA 2006)].
>
> In 2007, Alfred filed his first 28 U.S.C. § 2254 petition [in Case No. 07-21974-CIV], challenging his 2001 second-degree murder conviction. The district court denied the

petition on the merits. This Court then denied Alfred a certificate of appealability. Alfred later filed other section 2254 petitions, which were dismissed as successive.[1]

In 2019, Alfred filed the section 2254 petition at issue in this appeal, challenging again his 2001 second-degree murder conviction. Briefly stated, Alfred asserts that the state violated his due process rights by using purportedly false evidence and testimony against him at trial.

The district court made no error in determining that Alfred's 2019 section 2254 petition is second or successive. The record shows—and Alfred does not dispute— that he already challenged his 2001 second-degree murder conviction in his earlier-filed 2007 habeas petition, which was dismissed with prejudice. Because Alfred failed to obtain authorization from this Court to file a second or successive petition, the district court lacked jurisdiction to consider Alfred's 2019 petition.

*Alfred v. Sec'y, Fla. Dep't of Corr.*, 809 F. App'x 737, 738 (11th Cir. 2020).

Having received this unambiguous explanation from the court of appeals, Alfred filed yet *another* § 2254 in 2020—his *seventh*—which, unsurprisingly, one of our judges promptly dismissed as an unauthorized successive petition. *See Alfred v. Florida*, No. 20-21444-CIV (S.D. Fla. May 1, 2020) (Moreno, J.), ECF No. 4 at 1 ("Reviewing the record, the Court finds no evidence that Petitioner sought or received authorization with the appropriate court of appeals before filing the instant successive petition. It is therefore DISMISSED.").

Undeterred, Alfred has now filed this *eighth* § 2254 petition, attacking the same state-court conviction he's tried (and failed) to challenge seven times already. Indeed, this *eighth* petition is virtually identical to the *sixth* petition he filed back in 2019—which, of course, one of our judges dismissed as

---

[1] By our count, Alfred filed four § 2254 petitions—all dismissed as successive—between his original 2007 petition and the 2019 petition that was the subject of the Eleventh Circuit's opinion. *See Alfred v. Crews*, No. 13-23876-CIV (S.D. Fla. Dec. 4, 2013) (Williams, J.), ECF No. 5 at 1 ("[T]he petition for writ of habeas corpus is dismissed as successive."); *Alfred v. Crews*, No. 14-22266-CIV (S.D. Fla. July 25, 2014) (Gayles, J.), ECF No. 7 at 2 ("[The Court] agrees with Judge White's conclusion that Alfred's Petition seeking relief under 28 U.S.C. section 2254 be dismissed[.]"); *Alfred v. Crews*, No. 14-24742-CIV (S.D. Fla. Dec. 31, 2014) (Altonaga, J.), ECF No. 5 at 2 ("The Court agrees with Judge White and find Alfred's current Petition is an unauthorized successive petition under 28 U.S.C. section 2244, and the Court is without jurisdiction to entertain it."); *Alfred v. Jones*, No. 18-20826-CIV (S.D. Fla. May 24, 2018) (Williams, J.), ECF No. 5 at 1 ("[T]he Court agrees with Judge White that the Petition should be dismissed for lack of jurisdiction unless and until the Eleventh Circuit authorizes the district court to consider Petitioner's successive challenge.").

successive. *Compare* Petition at 3 ("Petitioner's constitutional rights to due process were violated by [the] State's knowing use of false evidence."), *with Alfred*, 809 F. App'x at 738 ("Alfred asserts that the state violated his due process rights by using purportedly false evidence and testimony against him at trial.").

Because the Petition "challenges the same state judgment as [Alfred's] first petition, which was denied on the merits," it is second or successive for purposes of § 2244. *Miles v. Strickland*, 774 F. App'x 590, 592 (11th Cir. 2019); *see also Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011) ("AEDPA's restrictions on second or successive motions are meant to forestall abuse of the writ of habeas corpus, by, for instance, barring successive motions raising habeas claims that could have been raised in earlier motions where there was no legitimate excuse for failure to do so." (cleaned up)). And we "lack jurisdiction" to consider a second or successive § 2254 petition unless the habeas petitioner first applies to the Eleventh Circuit "for permission to file a successive application"—which Alfred hasn't done. *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (citing 28 U.S.C. § 2244(b)(3)(A)). Because Alfred didn't get permission from the Eleventh Circuit to file this successive petition, we must dismiss the case for lack of subject-matter jurisdiction. *See Insignares*, 755 F.3d at 1278 ("Insignares did not seek permission to file a successive petition. Therefore, the district judge had jurisdiction to hear his petition only if Insignares's application was not second or successive.").

One more thing. Although we don't have jurisdiction to adjudicate the Petition, we *do* retain jurisdiction to consider collateral issues (like sanctions). *See Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020) ("[A] district court may address a sanctions motion based on its inherent powers . . . even if it lacks jurisdiction over the underlying case."). Both the Eleventh Circuit and several judges on this Court have told Alfred (eight times now) that he cannot file successive § 2254 petitions without first receiving permission from the Eleventh Circuit. Alfred has chosen to ignore these unambiguous directives. Alfred is now warned **one final time** that, if he continues to file legally frivolous petitions,

4

we **will** sanction him. These sanctions could include *both* monetary penalties *and* restrictions on his right to file future cases in this District. *See Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc) ("The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others. . . . Procup can be severely restricted as to what he may file and how he must behave in his applications for judicial relief.").[2]

\* \* \*

We therefore **ORDER and ADJUDGE** that this case is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. And, because the Petition is "second or successive," we have no authority to issue a certificate of appealability. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) ("Without [successive] authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims."). All other pending motions are **DENIED as moot**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on May 26, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

---

[2] This warning shouldn't come as a surprise to Alfred. Florida's Third DCA, the Florida Supreme Court, *and* the United States Supreme Court have all sanctioned Alfred for inundating their courts with meritless and frivolous filings. *See In re Alfred*, 143 S. Ct. 286, 286 (2022) ("As petitioner [has] repeatedly abused this Court's process, the Clerk is directed not to accept any further petition in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and [the] petition is submitted in compliance with Rule 33.1."); *Alfred v. Jones*, No. SC17-1566 (Fla. Jan. 30, 2018) ("[T]he clerk of court is hereby directed to forward a certified copy of this order . . . to the Florida Department of Corrections . . . for the initiation of disciplinary proceedings in accordance with the department's rules for filing a frivolous pleading in this Court."); *Alfred v. State*, 165 So. 3d 49, 50 (Fla. 3d DCA 2015) ("Based on Alfred's repeated attempts to abuse the justice system with frivolous appeals, it is hereby ordered that the Clerk of the Third District Court of Appeal will refuse to accept any further filings relating to case number 98–35550, unless they have been reviewed and signed by an attorney who is a licensed member of the Florida Bar in good standing.").